UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STACEY MERCER, *on behalf of herself,*
*and all similarly situated individuals*,

          Plaintiff,

v.

HILLSIDE HOTEL, LLC,

          Defendant.
-------------------------------------------------------X

CASE NO.: 1:18-cv-07015-GHW

**FINAL JUDGMENT AGAINST HILLSIDE HOTEL, LLC**

THIS ACTION, having been commenced on August 6, 2018, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on Defendant, Hillside Hotel, LLC ("Defendant"), on August 24, 2018, and proof of such service having been filed, and the Defendant having failed to answer or otherwise respond to the Complaint as required by law, and the time to answer of otherwise respond to the Complaint having expired, it is hereby

ORDERED and ADJUDGED, as follows:

1. Within thirty (30) days from the date on which this Judgement is entered, Defendant, Hillside Hotel, LLC, **SHALL**, with respect to ALL online reservation platforms and websites through which it takes reservations for that certain hotel known as the Hillside Hotel, located in Jamaica, Queens, New York:

    a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

    b. Identify and describe accessible features in its hotel and guestrooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

c. Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type.

d. Guarantee that the specific accessible guest room reserved through online reservation platforms are held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

e. Set out in a conspicuous manner whether public entrances to the hotel comply with the Americans with Disabilities Act Accessibility Guidelines, *29 C.F.R. Part 36* (the "1991 Standards"), and if not, the ways in which it does not comply.

f. Set out in a conspicuous manner whether the registration desk at the hotel complies with the 1991 Standards, and if not, the ways in which it does not comply.

g. Set out in a conspicuous manner whether restaurant or other food service areas (if any) at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply.

h. Set out in a conspicuous manner whether any parking facilities, lots, or other parking accommodations at the hotel (if any) comply with the 1991 Standards, and if not, the ways in which they do not comply;

i. Set out in a conspicuous manner whether the swimming pool (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply.

j. Set out in a conspicuous manner whether the business center (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply.

k. Set out in a conspicuous manner whether the meeting/ballroom areas (if any) comply with the 1991 Standards, and if not, the ways in which they do not comply.

l. Set out in a conspicuous manner whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

m. Set out in a conspicuous manner whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

n. Set out in a conspicuous manner whether the route from the public entrance to the business center (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

o. Set out in a conspicuous manner whether the route from the accessible guestrooms to the business center (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

p. Set out in a conspicuous manner whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

q. Set out in a conspicuous manner whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

r. Set out in a conspicuous manner whether the route from the public entrance to the fitness center (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

    s.  Set out in a conspicuous manner whether the route from the accessible guestrooms to the fitness center (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

    t.  Set out in a conspicuous manner whether the route from the public entrance to the restaurant or food service areas (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

    u.  Set out in a conspicuous manner whether the route from the accessible guestrooms to the restaurant or food service areas (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

    v.  Set out in a conspicuous manner whether the route from the public entrance to the conference/ballroom space (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

    w.  Set out in a conspicuous manner whether the route from the accessible guestrooms to the meeting/ballroom space (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply.

2. Within thirty (30) days after entry of this Judgment, Defendant SHALL serve and file with this Court notice and evidence of its compliance with the terms hereof.

3. The Court reserves jurisdiction to enforce the terms of this Judgment as set forth above, and upon full compliance by Defendant, to hold such further proceedings as necessary to affix and award Plaintiff's damages, as well as her attorney's fees, costs, and litigation expenses incurred through the date of Defendant's full compliance.

**DATED**: New York, New York

_____

                                                          _____
                                                          **UNITED STATED DISTRICT JUDGE**